UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANDREAL DEMONE WASHINGTON,

Plaintiff,

v. Case No. 20-cv-990-pp

JAMES A. CAMPBELL,
CITY OF MILWAUKEE, and
CITY OF MILWAUKEE POLICE DEPARTMENT,

Defendants.

---

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

Plaintiff Andreal Demone Washington, who is currently confined at the Milwaukee County Jail and is representing himself, filed a civil rights complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. Dkt. No. 1. On March 12, 2021, Magistrate Judge Stephen C. Dries screened the complaint and determined that it did not state a claim upon which relief could be granted. Dkt. No. 8. Judge Dries gave the plaintiff an opportunity to amend his complaint, and he did so on March 31, 2021. Dkt. No. 9. Because all parties—specifically the defendants—have not had the opportunity to consent to the authority of the magistrate judge to decide the case, and because it appears that the amended complaint also fails

to state a claim for which a federal court may grant relief, the case has been randomly assigned to a U.S. District Court judge.

## I. Screening the Amended Complaint

### A. Federal Screening Standard

Judge Dries explained in the first screening order that the Prison Litigation Reform Act applies to this case because the plaintiff was in custody when he filed it. Dkt. No. 8 at 1. Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by laypeople without the help of lawyers and holds them to a less stringent standard than complaints drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

At the outset, the court notes that the amended complaint describes different events than did the original complaint. In the original complaint, the plaintiff alleged that on an unknown date, defendant Detective James Campbell falsely arrested him and failed to present him to a judge within forty-eight hours. Dkt. No. 8 at 5. Judge Dries concluded that the plaintiff had not provided enough detail for him to determine whether the plaintiff had stated a claim based on those facts and gave him an opportunity to amend. Id. The amended complaint alleges that in relation to the plaintiff's 2016 arrest, Campbell was involved in depriving him of his car and other personal property.

Dkt. No. 9 at 2-4. While it is a close call, the court concludes that the two complaints involve the same defendant and appear to involve the same arrest, and thus have enough in common that under Federal Rules of Civil Procedure 18 and 20, the court can screen the amended complaint instead of requiring the plaintiff to file it as a separate case.

The plaintiff alleges that on October 9, 2016, he was taken into custody by an FBI task force in Atlanta, Georgia. Dkt. No. 9 at 2. When the FBI took him into custody, the plaintiff says, he was in his car, a 2002 Saturn Vue LS500 registered to and titled in the name of Joran G. Washington. Id.

On October 12, 2016, the plaintiff waived extradition, and defendant Campbell transported him from Georgia to Milwaukee. Id. The plaintiff says that on October 13, 2016, Campbell told the plaintiff that if the plaintiff agreed to sign "a consent to search authorization form" for his car and the three suitcases and duffle bag that were in the trunk of the car, Campbell would secure the car and the items in it and have them brought to Milwaukee. Id. at 3. The plaintiff says that he agreed and that he signed the form on October 13, 2016. Id.

The plaintiff asserts that on September 8, 2017, he was acquitted by a jury. Id. The next day, he went to the Milwaukee Police Department and spoke with Campbell, asking for his property. Id. The plaintiff alleges that Campbell told him that that he did not have the property; he says Campbell told him that

"the feds" had the property but that Campbell had no property sheet and had no contact person whom the plaintiff could contact to ask about the matter. Id.

The plaintiff alleges that on May 2, 2018, the State filed a new complaint against him "on the same incident;" the plaintiff says he was unaware of this at that time. Id. Two Milwaukee Police officers came to the plaintiff's residence in Milwaukee and told him that Campbell wanted him to come to the Milwaukee Municipal Building to pick up his car and suitcases from Atlanta, Georgia. Id. at 3-4. When the plaintiff arrived, he was taken into custody for the new charges. Id. at 4. The plaintiff said that as of the date of the amended complaint—March 27, 2021—he had not received or heard anything about his property. Id.

For relief, the plaintiff asks the court to order the return of all his property in the custody of defendant Campbell or the Milwaukee Police Department or the federal task force. Id. at 5. In the alternative, he wants the full value of the property, which he says is worth $10,000 for the car. Id. He also seeks punitive damages of $20,000. Id.

C. Analysis

The plaintiff has sued the City of Milwaukee, the City of Milwaukee Police Department and Detective James A. Campbell. Id. at 1. He marked the box on the amended complaint that says that he is suing for a violation of federal law. Id. at 5. The plaintiff did not explain what law he believes the defendants

violated, but the court assumes that he is suing for violation of his constitutional rights under 42 U.S.C. §1983.

The City of Milwaukee Police Department is not a "suable entity" under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee Police Department is not a person. There are some circumstances in which a plaintiff may sue a *municipality* under §1983. See Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658 (1978). But the Milwaukee Police Department is not a municipality—it is *department* of a municipality (the City of Milwaukee). Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b). "The federal courts look to state law to determine if a defendant is amendable to suit." DeGenova v. Sheriff of DuPage Cty., 209 F.3d 973, 976 n.2 (7th Cir. 2000) (citing Fed. R. Civ. P. 17(b)). Under Wisconsin law, the Milwaukee Police Department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. Whiting v. Marathon Cty. Sherriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004).

Nor has the plaintiff stated a claim against the City of Milwaukee. For a municipality to be liable for violating a plaintiff's constitutional rights, the plaintiff must allege that the violation was a result of a municipal policy or custom. Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017) (citing

Monell, 436 U.S. at 690-691). The plaintiff has not alleged that he has been deprived of his property a result of any policy or custom of the City of Milwaukee.

That leaves Detective Campbell. The Fourth Amendment to the Constitution prohibits law enforcement from unreasonably searching or seizing someone's property, but the plaintiff has not alleged that Campbell seized his car or the property in the car. (In fact, he has not alleged that *anyone* searched or seized the car. He has alleged only that when the FBI task force arrested him, he was taken out of the car.) The plaintiff has not stated a claim that Campbell unlawfully seized his property in violation of the Fourth Amendment.

The plaintiff alleges that Campbell told him that if the plaintiff would sign a form consenting to the search of the car, Campbell would secure the car and the items in it and have them brought to Milwaukee; the plaintiff says that he agreed and signed the form. This sounds as if the plaintiff is alleging that Campbell somehow coerced him into consenting to the search. The Supreme Court has held that a suspect's consent to search must be voluntary, and "[v]oluntariness is a question of fact to be determined from all the circumstances." Ohio v. Robinette, 519 U.S. 33, 40 (1996) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973)). But it is not clear how Campbell telling the plaintiff that hewould secure the car and its contents and bring it to Milwaukee made the plaintiff's consent to the search involuntary. The plaintiff says that he "agreed" to sign the form—that means

that he voluntarily consented. And the Supreme Court has not viewed false promises to a suspect as *per se* coercion. See Arizona v. Fulminate, 499 U.S. 279, 285 (1991).

The plaintiff alleges that after he was acquitted of state charges in September 2017, he asked Campbell for his property, but that Campbell said the feds had it and that Campbell did not have a property sheet or a contact person for the plaintiff to talk to. The plaintiff has not alleged that Campbell lied back in 2016 when he indicated that he would secure the plaintiff's property and bring it back to Milwaukee, nor has he alleged that Campbell did not try to secure the property and get it back to Milwaukee. He alleges only that by the time he spoke with Campbell in 2017, Campbell told him the feds had the property and Campbell did not have any further information to help the plaintiff.

The plaintiff alleges that after new charges were brought in May 2018, Milwaukee Police officers came to his house and told him that Campbell wanted him to come to the municipal building to get the car and the other property. When he arrived, however, he wasn't presented with his property; he was arrested on the new charges. The plaintiff implies that the police officers used the prospect of the plaintiff getting his property back as a ruse to lure him down to the municipal building so he could be arrested. This kind of ruse may seem unfair, but the Supreme Court has held that it is not unconstitutional. As the Seventh Circuit has explained, the Supreme Court has "held that officers

may deceive suspects through appeals to a suspect's conscience, by posing as a false friend, and by other means of trickery and bluff." Dassey v. Dittmann, 877 F.3d 297, 304 (7th Cir. 2017) (citing, among others, Procunier v. Atchley, 400 U.S. 446, 453-54 (1971), where a suspect was deceived into confessing to a false friend to obtain an insurance payout to children and stepchildren and Frazier v. Cupp, 394 U.S. 731, 739 (1991), in which law enforcement deceived one suspect about another suspect's confession).

Nor has the plaintiff stated a due process claim under the Fourteenth Amendment. "In order to state a claim for a procedural due process violation of a property right, [a plaintiff] must establish: (1) a protected property interest; (2) a deprivation of that property interest by someone acting under the color of state law; and (3) a denial of due process." Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 900 (7th Cir. 2012). "To claim a property interest protected by the Fourteenth Amendment, a person must have more than a unilateral expectation of the claimed interest. He must, instead, have a legitimate claim of entitlement to it." Id. (citations omitted). "A legitimate claim of entitlement is 'defined by existing rules or understandings that stem from an independent source such as state law.'" Id. (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972)).

The plaintiff has not directly claimed that someone acting under color of state law seized the car and the luggage. If someone seized the car, it appears that that someone may have been a *federal* agent, because the plaintiff says

that he was removed from the car and arrested by an FBI task force. It is not clear that the plaintiff had a legitimate entitlement to the car—he says it was registered to and titled in someone else's name. But even if the car and luggage belonged to the plaintiff, and even state law enforcement (rather than the FBI) randomly seized that car and the luggage without any authorization to do so, "[u]nauthorized deprivations of property violate the due-process clause only when no post-deprivation procedures are available." Morris v. Scott, 840 Fed. App'x 14, 15 (7th Cir. Mar. 12, 2021). If Georgia law enforcement authorities seized the plaintiff's property, he could have sued in the Georgia state courts to get it back under O.C.G.A. §51-10-1, which provides a civil cause of action for wrongful deprivation of personal property. If Wisconsin law enforcement authorities seized the plaintiff's property, he could have sued in the Wisconsin state courts to get it back under Wis. Stat. §968.20. Because there were (and still may be) adequate post-deprivation remedies available to the plaintiff, he cannot state a Fourteenth Amendment due process claim.

The amended complaint fails to state a claim for which a federal court may grant relief, and the court will dismiss it and the case.

## II. Conclusion

The court **ORDERS** that that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court **ORDERS** that the Clerk of Court must document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court will send a copy of this order to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233 and email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and to determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of May, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**